# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 15, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

| | |
|---|---|
| **JESSE RYAN STILTNER,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:25CV00579 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **WEXFORD HEALTH, et al.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |
| ) | |

*Jesse Ryan Stiltner, Pro Se Plaintiff.*

Plaintiff, Jesse Ryan Stiltner, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. §1983, alleging that he experienced withdrawal symptoms following a doctor's decision to withhold his suboxone treatment. Upon review, I conclude that Stiltner's Complaint must be summarily dismissed for failure to state a claim actionable under § 1983.

The court must dismiss a case "at any time" if it determines that a complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim under 42 U.S.C. §

1983, a plaintiff must set forth sufficient factual allegations against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Although he does not state which of his constitutional rights he believes the defendants have violated, it appears that Stiltner has attempted to raise a claim under the Eighth Amendment relating to his medical care.

"[D]eliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). To support a claim for deliberate indifference to a serious medical need, a plaintiff must satisfy two elements. First, he must allege a sufficiently serious medical need that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). While Stiltner has not specifically stated that he has a medical condition requiring suboxone treatment, I conclude that Stiltner has met the first element where this court has determined that symptoms of drug withdrawal qualify as a serious medical need sufficient to support a deliberate indifference claim. *See Davis v. Keller*, No. 7:23-cv-00593, 2024 WL 4326544, at *5 (W.D. Va. Sept. 27, 2024).

Second, Stiltner must allege that the defendant prison official had "actual knowledge of [his] serious medical needs and the related risks, but nevertheless disregarded them." *DePoala v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). With this standard in mind, I will address each named defendant in turn.

## I. Wexford Health.

Wexford Health Sources (Wexford), is a private company that provides health care to correctional facilities. When a corporate entity, rather than an individual, is named as a defendant, the entity can only be liable under § 1983 if "an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Rodriguez v. Smithfield Packing Co.*, 338 F.3d 348, 355 (4th Cir. 2003). The plaintiff must state that "an unconstitutional municipal policy" deprived him of adequate medical care. *Carter v. Morris*, 164 F.3d 215, 220 (4th Cir. 1999). Stiltner fails to make any such allegation. Other than Wexford being listed among the other defendants in the caption, there is no mention of Wexford or its policies in the Complaint. *See Meeks v. SWVRJ-Haysi Facility*, No. 7:25-cv-00226, 2026 WL 482963, at *3 (W.D. Va. Feb. 20, 2026) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed,

even under the liberal construction to be given pro se complaints.") (quoting *Lewis-Bey v. Wilson*, No. 3:17CV763, 2019 WL 4889261, at *3 (E.D. Va. Oct. 3, 2019)). Therefore, Stiltner has failed to state a claim on which relief may be granted against Wexford.

## II.  Crystal Large.

The only reference to defendant Crystal Large in the body of Stiltner's Complaint is that, following a drug screen, Nurse Diane "lied and told Crystal Large it was not positive."  Compl. 3, Dkt. No. 1.  Thus, Stiltner has failed to demonstrate that Large had any personal involvement in the violation of his rights, as required to state an actionable claim under § 1983.  *King v. Riley*, 76 F.4th 259, 269 (4th Cir. 2023) (to state § 1983 claim, plaintiff must show that "each government-official defendant, through the official's own individual actions, has violated the Constitution").  Accordingly, he has failed to state a claim on which relief may be granted against Large.

## III.  Nurse Diane.

Stiltner claims that Nurse Diane drug tested him for suboxone, "lied and told Crystal Large it was not positive," and that a nurse, presumably Nurse Diane, was involved in his suboxone treatment.  Specifically, he states that on April 6 or 7, 2025, "they dose [him] with suboxone.  Then the next night the nurse said tha[t] the Dr did not approve [him] that [he] was not suppose[d] to get dose the night before.  Then

. . . the Dr changed her mind was why they took [his] suboxone." Compl. 3, Dkt. No. 1. Therefore, he experienced withdrawal symptoms for seven days.

Stiltner's pleading fails to plausibly allege that Nurse Diane personally knew of his medical needs and disregarded them, where his Complaint demonstrates that she was relying on the medical judgment of an unidentified doctor. *See Chapelle v. Campbell*, No. 1:21cv863, 2023 WL 143150, at *5 (E.D. Va. Jan. 5, 2023) ("Absent extraordinary circumstances which are not present here, a nurse is entitled to rely upon the medical judgment of a doctor as to the proper course of treatment for an inmate.") (citing *Pearson v. Prison Health Serv.*, 850 F.3d 526, 539 (3d Cir. 2017) (concluding that a nurse did not act with deliberate indifference by following a doctor's orders). Even if Nurse Diane initially administered suboxone by mistake before the doctor ordered no further treatment, "mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Jackson*, 775 F.2d at 178. Furthermore, Stiltner cannot sustain a claim that Nurse Diane attempted to assert disagreement with the prescribed treatment, particularly where he has not illustrated the presence of any exceptional circumstances. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("[D]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged."); *see also Hixon v. Moran*, 1 F.4th 297, 303

(4th Cir. 2021) ("[D]isagreement among reasonable medical professionals is not sufficient to sustain a deliberate indifference claim.").

Moreover, Stiltner fails to explain how any alleged falsehood Nurse Diane may have relayed to Large impacted the physician's decision regarding treatment, and such a conclusory statement cannot survive review under § 1915(e)(2)(B)(ii). *See Iqbal*, 556 U.S. at 663 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). Therefore, Stiltner has failed to state a claim on which relief may be granted against Nurse Diane.

In conclusion, Stiltner's Complaint will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) for his failure to state a claim against each defendant named. A separate Judgment will be entered.

ENTER:   June 15, 2026

/s/  JAMES P. JONES
Senior United States District Judge